UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN HIRAKI,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:22-cv-01583-LK<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS |

　　This matter comes before the Court on Defendant Citibank, N.A.'s motion to compel arbitration of Plaintiff Ryan Hiraki's claims and stay the proceedings while the parties arbitrate the matter. Dkt. No. 29.[1] Hiraki alleges that Citibank disseminated false information related to his Citibank-issued credit card to the national credit reporting agencies, Dkt. No. 1 at 1, and Citibank counters that Hiraki's credit card agreement requires him to arbitrate his claims, Dkt. No. 29 at 1, 3–4.

---

[1] Hiraki has settled his claims with the other two Defendants, Experian Information Solutions, Inc. and Equifax Information Services, LLC. Dkt. Nos. 28, 32–33.

ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS - 1

Hiraki has not responded to this motion, which the Court construes as an admission that it has merit. LCR 7(b)(2). In addition, Hiraki has indicated his consent to the motion, writing in a May 11, 2023 email to the Court's Courtroom Deputy and Citibank's counsel that he "has resolved his claims with all the parties, aside from Citibank, whose Motion to Compel Arbitration is pending before the Court. After reviewing the Motion, the Plaintiff does not intend to oppose that Motion to Compel Arbitration, and will agree to file his remaining claim against Citibank in arbitration." *See also* Dkt. No. 34 at 2. In addition, in light of the parties' agreement and in order to further the orderly course of justice, a stay is warranted while the parties arbitrate this matter. *See, e.g.*, *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (setting forth factors when considering a stay); *see also Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Accordingly, the Court GRANTS the unopposed motion to compel arbitration and STAYS this matter pending the completion of arbitration. Dkt. No. 29. The parties must file a joint status report within 30 days of the conclusion of the arbitration to notify the Court whether the matter can be dismissed or whether they seek to lift the stay.

Dated this 30th day of May, 2023.

Lauren King
United States District Judge